UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------

Robert Feilbogen,

            Plaintiff,

     -against-

AIG Trading Group Inc. and
AIG Financial Products Corp.,

           Defendants.

----------------------------------

03 Civ. 1624 (CFD)

Hon. Christopher F. Droney

**ANSWER TO COMPLAINT**

November 3, 2003

      Defendants AIG Trading Group Inc. ("AIGTG") and AIG Financial Products Corp. ("AIGFP"), by and through their counsel, answer the Complaint of Robert Feilbogen as follows:

### RESPONSES TO THE ALLEGATIONS OF THE COMPLAINT

      Deny the allegations of the introductory paragraph of the Complaint, except admit that plaintiff was employed by AIGTG from 1990 until July 2003, that he became an employee of AIGFP effective July 1, 2003 and that his employment by AIGFP ended on or about July 9, 2003, as a result of his resignation.

      1.    Admit that plaintiff purports to state a claim for an amount greater than $75,000, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1.

      2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, except admit that each defendant maintains its principal place of business in Connecticut and that plaintiff purports to establish venue under the statutory provision invoked therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. Admit the allegations set forth in Paragraph 4.

5. Admit the allegations set forth in Paragraph 5.

6. Deny the allegations set forth in Paragraph 6, except admit that plaintiff began employment with AIGTG in 1990.

7. Deny the allegations set forth in Paragraph 7, except admit that plaintiff was described as "Chief of Staff" of AIGTG in 1998.

8. Deny the allegations set forth in Paragraph 8, except admit that plaintiff became Chief Operating Officer of AIGTG in 1999 and became Executive Vice President of AIGTG and a member of AIGTG's Management Committee in December 2000.

9. Deny the allegations set forth in Paragraph 9.

10. Deny the allegations set forth in Paragraph 10, except admit that in 2001 and 2002 plaintiff's salary was $200,000, that pursuant to a written guarantee for 2001 and 2002 his guaranteed minimum bonus in 2001 was $800,000 and that his guaranteed minimum bonus in 2002 was $600,000.

11. Deny the allegations set forth in Paragraph 11, except admit that plaintiff received a bonus of $800,000 for 2001.

12. Deny the allegations set forth in Paragraph 12, except admit that plaintiff's 2002 salary and bonus were $250,000 and $1,300,000, respectively.

13. Deny the allegations set forth in Paragraph 13, except admit the allegations as to the amount of plaintiff's 2002 salary and bonus.

14. Deny the allegations set forth in Paragraph 14.

15. Deny the allegations set forth in Paragraph 15.

16. Deny the allegations set forth in Paragraph 16, except admit that in or around August 2002 plaintiff began working with AIGTG's Energy Group.

17. Admit the allegations set forth in Paragraph 17.

18. Deny the allegations set forth in Paragraph 18.

19. Deny the allegations set forth in Paragraph 19, except admit that in 2003 accruals were made for potential bonus payments, including for a bonus for Tony Gordon.

20. Deny the allegations set forth in Paragraph 20, except admit that in April 2003 plaintiff was informed that the business of AIGTG's Energy Group was to be integrated with the business of AIGFP.

21. Deny the allegations set forth in Paragraph 21, except admit that Mr. Gordon left AIG Trading in or about May 2003.

22. Deny the allegations set forth in Paragraph 22, except admit that plaintiff was sent a letter dated June 27, 2003 and refer to the letter for a correct statement of its content.

23. Deny the allegations set forth in Paragraph 23, except admit that plaintiff was sent a letter dated June 27, 2003 and refer to the letter for a correct statement of its content.

24. Deny the allegations set forth in Paragraph 24, except admit that plaintiff was sent a letter dated June 27, 2003 and refer to the letter for a correct statement of its content.

25. Deny the allegations set forth in Paragraph 25, except admit that plaintiff was sent a letter dated June 27, 2003 and refer to the letter for a correct statement of its content.

26. Deny the allegations set forth in Paragraph 26, except admit that plaintiff did not sign the June 27, 2003 letter and deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding plaintiff's motivation.

27. Deny the allegations set forth in Paragraph 27, except admit that plaintiff wrote to Joseph Cassano and refer to the email message for a correct statement of its content.

28. Deny the allegations set forth in Paragraph 28, except admit that Mr. Cassano wrote to plaintiff on July 9, 2003 and refer to the email message for a correct statement of its content.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30. Deny the allegations set forth in Paragraph 30, except admit that Douglas Poling wrote to plaintiff on July 9, 2003 and refer to the letter for a correct statement of its content.

31. Deny the allegations set forth in Paragraph 31, except admit that plaintiff has not been paid a bonus for 2003 and aver that plaintiff is not entitled to any bonus.

32. Deny the allegations set forth in Paragraph 32, except admit that AIGTG has in the past, in its discretion, offered to certain employees whose employment was terminated without cause a severance payment in the amount of one month's salary for each year of that employee's employment by AIGTG.

33. Admit the allegations set forth in Paragraph 33 and aver that plaintiff is not entitled to any severance payment.

34. With regard to the allegations set forth in Paragraph 34, repeat and reallege their answers to Paragraphs 1-33.

35. Deny the allegations set forth in Paragraph 35.

36. Deny the allegations set forth in Paragraph 36.

1-36. With regard to the allegations set forth in the paragraph labeled "1-36," repeat and reallege their answers to Paragraphs 1-36.

37. Deny the allegations set forth in Paragraph 37.

38. Deny the allegations set forth in Paragraph 38.

39. Deny the allegations set forth in Paragraph 39.

40. Deny the allegations set forth in Paragraph 40.

41. Deny the allegations set forth in Paragraph 41.

42. Deny the allegations set forth in Paragraph 42.

1-42. With regard to the allegations set forth in the paragraph labeled "1-42," repeat and reallege their answers to Paragraphs 1-42.

43. Deny the allegations set forth in Paragraph 43.

44. Deny the allegations set forth in Paragraph 44.

1-44. With regard to the allegations set forth in the paragraph labeled "1-44," repeat and reallege their answers to Paragraphs 1-44.

45. Deny the allegations set forth in Paragraph 45, except admit that plaintiff worked at AIGTG during the stated period.

46. Deny the allegations set forth in Paragraph 46, except admit that plaintiff worked at AIGTG during the stated period.

47. Deny the allegations set forth in Paragraph 47.

48. Deny the allegations set forth in Paragraph 48.

49. Deny the allegations set forth in Paragraph 49.

1-49. With regard to the allegations set forth in the paragraph labeled "1-49," repeat and reallege their answers to Paragraphs 1-49.

50. Deny the allegations set forth in Paragraph 50, except admit that plaintiff worked at AIGTG during the stated period.

51. Deny the allegations set forth in Paragraph 51, except admit that plaintiff worked at AIGTG during the stated period.

52. Deny the allegations set forth in Paragraph 52.

1-52. With regard to the allegations set forth in the paragraph labeled "1-52," repeat and reallege their answers to Paragraphs 1-52.

53. Deny the allegations set forth in Paragraph 53.

54. Deny the allegations set forth in Paragraph 54.

55. Deny the allegations set forth in Paragraph 55.

56. Deny the allegations set forth in Paragraph 56.

## FIRST AFFIRMATIVE DEFENSE

57. Plaintiff's Complaint fails to state a claim upon which relief may be granted against either defendant AIGTG or defendant AIGFP.

## SECOND AFFIRMATIVE DEFENSE

58. Plaintiff's claims based on alleged oral promises are barred by a signed written contract between plaintiff and AIGTG.

## THIRD AFFIRMATIVE DEFENSE

59. Plaintiff's claim of alleged violations of Connecticut Wage Statutes is barred because those statutes do not apply to bonuses of the sort alleged by plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims alleging constructive discharge are barred by the at-will nature of plaintiff's employment with AIGTG and AIGFP.

## FIFTH AFFIRMATIVE DEFENSE

61.     Plaintiff is barred from recovery, in whole or in part, by the doctrines of waiver, estoppel, ratification and/or laches, and the Statute of Frauds.

## SIXTH AFFIRMATIVE DEFENSE

62.     Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

63.     An award of liquidated or punitive damages in this action is completely unwarranted. If permitted, such damages would constitute a violation of the due process, equal protection, and excessive fines clauses of the United States and Connecticut Constitutions.

## EIGHTH AFFIRMATIVE DEFENSE

64.     Plaintiff's claims are barred because plaintiff would be unjustly enriched if he were to prevail on his claims and/or any of his causes of action.

WHEREFORE, defendants AIG Trading Group Inc. and AIG Financial Products Corp. demand judgment dismissing the Complaint herein and awarding defendants such additional relief against plaintiff as the Court may deem proper, including their attorneys' fees, costs and expenses.

Dated: Hartford, Connecticut
November 3, 2003

Of Counsel:

Theodore O. Rogers, Jr.*
  rogerst@sullcrom.com
Brent J. McIntosh*
  mcintoshb@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000

*application for admission
 pro hac vice pending

/s/ David A. Kulle

David A. Kulle (ct00333)
  dkulle@rc.com
Stephen W. Aronson (ct02216)
  saronson@rc.com
Christopher T. Wethje (ct24466)
  cwethje@rc.com
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8200

Attorneys for defendants
AIG Trading Group Inc. and
AIG Financial Products Corp.

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 3rd day of November, 2003, to the following:

Daniel M. Young, Esq.
Wofsey, Rosen, Kweskin and Kuriansky, LLP
700 Summer Street
Stamford, CT  06901-1490

Anne C. Vladeck, Esq.
Karen Cacace, Esq.
Vladeck, Waldman, Elias & Englehard, P.C.
Counsellors at Law
1501 Broadway
New York, NY  10036

_____
David A. Kulle